# EXHIBIT A

## 1683CV00337 Louis, Carole et al vs. Bank Of America NA et al

**Case Type** Real Property
**Status Date:** 04/11/2016
**Case Judge:**
**Next Event:**

**Case Status** Open
**File Date** 04/11/2016
**DCM Track:** F - Fast Track

All Information | Party | Tickler | Docket | Disposition

### Party Information

**Louis, Carole - Plaintiff**
Alias
Attorney/Bar Code | Phone Number
Sullivan, Esq., Gregory M (485970)

More Party Information

**Louis, Marie Macdala - Plaintiff**
Alias
Attorney/Bar Code | Phone Number
Sullivan, Esq., Gregory M (485970)

More Party Information

**Bank Of America NA - Defendant**
Alias
Attorney/Bar Code | Phone Number

More Party Information

**Specialized Loan Servicing LLC - Defendant**
Alias
Attorney/Bar Code | Phone Number

More Party Information

**Bank of New York Mellon - Defendant**
Alias
Attorney/Bar Code | Phone Number

More Party Information

### Ticklers

| Tickler | Start Date | Days Due | Due Date | Completed Date |
|---|---|---|---|---|
| Service | 04/11/2016 | 91 | 07/11/2016 | |
| Answer | 04/11/2016 | 120 | 08/09/2016 | |
| Rule 12/19/20 Served By | 04/11/2016 | 120 | 08/09/2016 | |
| Rule 12/19/20 Filed By | 04/11/2016 | 150 | 09/08/2016 | |
| Rule 12/19/20 Heard By | 04/11/2016 | 183 | 10/11/2016 | |
| Rule 15 Served By | 04/11/2016 | 120 | 08/09/2016 | |
| Rule 15 Filed By | 04/11/2016 | 150 | 09/08/2016 | |

| Tickler | Start Date | Days Due | Due Date | Completed Date |
|---|---|---|---|---|
| Rule 15 Heard By | 04/11/2016 | 183 | 10/11/2016 | |
| Discovery | 04/11/2016 | 301 | 02/06/2017 | |
| Rule 56 Served By | 04/11/2016 | 330 | 03/07/2017 | |
| Rule 56 Filed By | 04/11/2016 | 360 | 04/06/2017 | |
| Final Pre-Trial Conference | 04/11/2016 | 480 | 08/04/2017 | |
| Judgment | 04/11/2016 | 730 | 04/11/2018 | |

### Docket Information

| Docket Date | Docket Text | File Ref Nbr. |
|---|---|---|
| 04/11/2016 | Original civil complaint filed. | 1 |
| 04/11/2016 | Civil action cover sheet filed. | 2 |
| 04/11/2016 | Attorney appearance<br>On this date Gregory M Sullivan, Esq. added as Private Counsel for Plaintiff Carole Louis | |
| 04/11/2016 | Attorney appearance<br>On this date Gregory M Sullivan, Esq. added as Private Counsel for Plaintiff Marie Macdala Louis | |
| 04/11/2016 | Case assigned to:<br>DCM Track F - Fast Track was added on 04/11/2016 | 3 |

### Case Disposition

| Disposition | Date | Case Judge |
|---|---|---|
| Pending | | |

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 1683CV00337 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Louis, Carole et al vs. Bank Of America NA et al | | Robert S. Creedon, Jr., Clerk of Courts |
| TO: Gregory M Sullivan, Esq. Law Office of Gregory M. Sullivan 126 Essex Street Malden, MA 02148 | | COURT NAME & ADDRESS Plymouth County Superior Court - Plymouth 52 Obery Street - Suite 2041 Plymouth, MA 02360 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**                        **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 07/11/2016 | |
| Response to the complaint filed (also see MRCP 12) | | 08/09/2016 | |
| All motions under MRCP 12, 19, and 20 | 08/09/2016 | 09/08/2016 | 10/11/2016 |
| All motions under MRCP 15 | 08/09/2016 | 09/08/2016 | 10/11/2016 |
| All discovery requests **and depositions** served and non-expert despositions completed | 02/06/2017 | | |
| All motions under MRCP 56 | 03/07/2017 | 04/06/2017 | |
| Final pre-trial conference held and/or firm trial date set | | | 08/04/2017 |
| Case shall be resolved and judgment shall issue by | | | 04/11/2018 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time. Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 04/11/2016 | | |

Date/Time Printed: 04-11-2016 14:52:49                                          SCV026\ 11/2014

4-12-16

# COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.                                  SUPERIOR COURT DEPARTMENT
                                               CIVIL ACTION NO.:

                                               16 CV 0337 B

Carole Louis
Marie Macdala Louis
Plaintiffs

vs.

Bank of America, N.A.
Specialized Loan Servicing, LLC
Bank of New York Mellon
Defendants

## VERIFIED COMPLAINT

### PARTIES AND JURISDICTION

1. The Plaintiffs, Carole Louis and Marie Macdala Louis, are individuals with a usual place of residence at 3 Pearl Ave. Apt. 3, Winthrop, MA 02152.

2. The Defendant, Bank of America, N.A. (hereinafter "BoFA" or the "Defendant"), is a national banking institution duly organized and authorized to do business in the Commonwealth of Massachusetts, with a usual place of business at 100 No. Tryon St in Charlotte, NC 28255.

3. The Defendant, Specialized Loan Servicing, LLC (hereinafter "SLS" or the "Defendant"), from information and belief, is a national mortgage servicing institution duly organized and authorized to do business in the Commonwealth of Massachusetts, with a usual place of business at 8742 Lucent Blvd, Suite 300 Highlands Ranch, CO 80129.

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.                                    SUPERIOR COURT DEPARTMENT
                                                 CIVIL ACTION NO.:

Carole Louis
Marie Macdala Louis
Plaintiffs

vs.

Bank of America, N.A.
Specialized Loan Servicing, LLC
Bank of New York Mellon
Defendants

## VERIFIED COMPLAINT

### PARTIES AND JURISDICTION

1. The Plaintiffs, Carole Louis and Marie Macdala Louis, are individuals with a usual place of residence at 3 Pearl Ave. Apt. 3, Winthrop, MA 02152.

2. The Defendant, Bank of America, N.A. (hereinafter "BoFA" or the "Defendant"), is a national banking institution duly organized and authorized to do business in the Commonwealth of Massachusetts, with a usual place of business at 100 No. Tryon St in Charlotte, NC 28255.

3. The Defendant, Specialized Loan Servicing, LLC (hereinafter "SLS" or the "Defendant"), from information and belief, is a national mortgage servicing institution duly organized and authorized to do business in the Commonwealth of Massachusetts, with a usual place of business at 8742 Lucent Blvd, Suite 300 Highlands Ranch, CO 80129.

4. The Defendant, Bank of New York Mellon, (hereinafter "BNY" or the "Defendant"), from information and belief, is a national mortgage servicing institution duly organized and authorized to do business in the Commonwealth of Massachusetts, with a usual place of business at 201 Washington St, Boston, MA 02201.

5. From November 13, 2006 to October 8, 2015, all of the Defendants to this action served, at one relevant time or another, in the capacity of mortgage servicer, investor/holder, trustee and/or assignee of the Borrower's mortgage for the property.

6. The Defendants have all subjected themselves to the long-arm jurisdiction of this Court by having undertaken business and/or transactional business in the Commonwealth of Massachusetts. The Defendants continue to utilize the Courts of the Commonwealth of Massachusetts for their purposes and have thereby submitted themselves to the long-arm jurisdiction of the Courts of the Commonwealth of Massachusetts.

## RELEVANT FACTS

7. On November 13, 2006, the Plaintiffs purchased the subject property located at 56 Clarence St. in Brockton, MA as their primary residence by securing a mortgage loan from American Wholesale Lenders Network ("AWLN").

8. In or around 2007, the co-Plaintiff and sole mortgagor in the property, Carole Louis ("Borrower"), fell behind on her mortgage, which at the time was serviced by Countrywide, (which later became BoFA).

9. In May 2009, in response to the Borrower's mortgage delinquency, the Plaintiffs proceeded to sell their property via short sale while the loan was being serviced by Countrywide Home Loans, Inc., (now BoFA).

10. At the time of the short-sale, the outstanding mortgage balance was approximately $320,000 and the property was acquired by a bona fide third-party purchaser for approximately $200,000, yielding a deficiency of approximately $120,000.

11. BoFA never recorded the short sale deed with the registry of deeds and continued to represent to the Commonwealth, Credit Bureaus and Federal Government that the Borrower was the mortgagor on the loan even though the mortgage had been satisfied with the discounted pay-off from the 2009 short-sale.

12. BoFA's continued misrepresentations to the Commonwealth, Credit Bureaus and Federal Government regarding the Borrower's foreclosure status caused the Borrower's credit to dramatically decrease and prevented her from procuring employment with potential hospital employers which routinely check credit as a precondition for hiring staff.

13. At the time that the short-sale was conducted, the Emergency Mortgage Tax Relief Act of 2007 ("EMTRA") and HAFA (Government Short-Sale Program) forgave Borrowers for any monetary deficiencies which they incurred from short sales and/or foreclosures.

14. Despite having short-sold the property in 2009, BoFA never reported the forgivable deficiency to the Internal Revenue Service and continued to represent to the Commonwealth of Massachusetts that the Borrower was the deed holder and mortgagor for the property.

15. On October 20, 2011, the mortgage was assigned by MERS as nominee for AWLN to BNY.

16. In or around 2012, BoFA service-transferred the loan to SLS, while BNY remained the trustee for the mortgage.

17. On January 21, 2015 and then again on October 8, 2015, BNY filed a foreclosure action in the land court against the Borrower.

18. Under Mass. Gen. Laws c. 244 § 14, a foreclosing mortgagee must *notify all deed holders* of a pending foreclosure sale via a "Notice of Mortgagee Sale" at least twenty-one (21) days prior to the auction date. *This notice was never sent to the Plaintiffs.*

19. Under both state and federal law, it is well settled that a foreclosing mortgagee who fails to comply with Mass. Gen. Laws c. 244 § 14 must rescind the foreclosure sale and give the property back to the Borrower.

20. On October 8, 2015, SLS and BNY jointly foreclosed on the Borrower's property.

3

21. As of the October 8, 2015 foreclosure, the Borrower was not insulated from the tax liability which emanated from the foreclosure mortgage deficiency due to the fact that Congress did not extend the EMTRA between January 1, 2015 and December 31, 2015.

22. On November 24, 2015, SLS issued a Form 1099-C (Cancellation of Debt) with the Internal Revenue Service, indicating that Borrower had, de facto, earned income of $319,311 as a result of the foreclosure sale on her home.

23. The Borrower is now liable, under IRS regulations, to pay taxes on $319,311 in income as a result of SLS's 1099-C filing.

24. At some point after October 8, 2015, SLS reported the foreclosure which it wrongfully conducted on the Borrower's property to the credit bureau, thereby preventing the Borrower from being able to obtain a mortgage to purchase a new home and preventing her from procuring employment as a nursing assistant with a hospital.

## COUNT I
## QUIET TITLE CLAIM

25. The Plaintiffs repeat and re-affirm paragraphs 1 – 24.

26. The Defendants, SLS and BNY, had no legal standing to foreclose on the Plaintiffs' property on October 8, 2015 because they failed to notify the Plaintiffs of the foreclosure sale as required by Mass Gen Laws c. 244 § 14.

27. The Massachusetts SJC and the US District Court have consistently held that a foreclosing mortgagee who fails to comply with any section of Mass. Gen. Laws c. 244 § 14 is liable for conducting a "wrongful foreclosure" and is obligated by law to rescind the foreclosure sale, void the foreclosure deed and return clear title to the property to the Borrower.

28. In the case at bar, the October 8, 2015 foreclosure on the property must be rescinded because neither SLS nor BNY notified the Plaintiffs of the foreclosure sale as required by Mass Gen Laws c. 244 § 14.

## COUNT II

## FAIR CREDIT REPORTING ACT

29. The Plaintiffs repeat and reaffirm paragraphs 1-28 referenced herein.

30. The Defendants, BoFA and SLS, violated the Fair Credit Reporting Act by failing to report the 2009 short-sale and falsely reporting to the credit bureaus that the Borrower was in an active foreclosure status between 2009 – 2015.

31. Under section 1681s-2(b), if a consumer can prove that a third-party furnished inaccurate credit information about that consumer to a credit bureau either negligently or willfully, the consumer may bring an action under the Fair Credit Reporting Act.

32. Federal law allows for a consumer to receive $1000 for each instance in which a third-party has issued such a false report.

33. BoFA falsely reported to the credit bureaus on at least thirty-sixty (36) instances that the Borrower was in foreclosure on her mortgage between 2008 and 2012.

34. SLS falsely reported to the credit bureaus on at least twenty-four (24) instances that the Borrower was in in foreclosure on her mortgage between the 2012 and 2015.

35. Under the FCRA, the Borrower is entitled to collect at least $36,000 in monetary damages from BoFA and $24,000 in damages from SLS.

## COUNT III

## DEFAMATION

36. The Plaintiffs repeat and reaffirm paragraphs 1-35 referenced herein.

37. The Defendants, BoFA and SLS, engaged in defamation of the Borrower by falsely reporting that she was in foreclosure to the credit bureau.

5

38. Under section 1681s-2(b), if a consumer can prove that a credit information furnisher violated the FCRA either negligently or willfully, the consumer may bring an action under state common law for defamation.

39. In Massachusetts, a Defendant is liable for defamation via written statement (libel) if the Defendant issued a written statement to a third party which could damage the Borrower's reputation and/or cause the Borrower to suffer damages.

40. Massachusetts courts, however, do not require a Borrower to show economic damages as a prerequisite to recover monetary damages under a defamation claim.

41. BoFA defamed the Borrower for four years between 2008 and 2012 by falsely reporting to the credit bureaus that the Borrower was in foreclosure on her mortgage when in fact she had short-sold the property in 2009, thereby satisfying her obligations under the mortgage.

42. SLS defamed the Borrower for three years between 2012 and 2015 by falsely reporting to the credit bureaus that the Borrower was in foreclosure on her mortgage despite the fact that she had short-sold the property in 2009 and didn't even live there.

43. As a result of the BoFA's defaming the Borrower to the credit bureaus, the Borrower was unable to secure employment with hospitals and numerous nursing facilities which require good credit as a prerequisite to hiring. Pursuant thereto, she suffered a loss of income of over $120,000 between 2008 - 2012.

44. As a result of the SLS's defaming of the Borrower to the credit bureaus, the Borrower was unable to secure employment with hospitals and numerous nursing facilities which require good credit as a prerequisite to hiring. Pursuant thereto, she suffered a loss of income of over $60,000 between 2012 - 2015.

45. As a result of BoFA's defaming of the Borrower to the credit bureaus, the Borrower was unable to secure rental housing for many months and could not obtain a mortgage loan for four years.

46. As a result of SLS's defaming of the Borrower to the credit bureaus, the Borrower was unable to secure a mortgage loan for three years.

## COUNT IV

### INVASION OF PRIVACY

47. The Plaintiffs repeat and reaffirm paragraphs 1-46 referenced herein.

48. The Defendants, BoFA and SLS, engaged in an invasion of privacy against the Borrower by falsely reporting that she was in foreclosure to the credit bureaus.

49. Under section 1681s-2(b), if a consumer can prove that a credit information furnisher violated the FCRA negligently or willfully, the consumer may bring an action under state common law for invasion of privacy.

50. Under Mass Gen Laws c. 214 § 1(b), the Massachusetts Privacy Act provides that a person shall have a right against unreasonable, substantial or serious interference with his/her privacy.

51. BoFA invaded the Borrower's privacy for four years between 2009 and 2012 by falsely reporting to the credit bureaus that the Borrower was in a foreclosure status despite the fact that she had short-sold the property in 2009 and didn't even live there.

52. SLS invaded the Borrower's privacy for three years between 2012 and 2015 by falsely reporting to the credit bureaus that the Borrower was in a foreclosure status despite the fact that she had short-sold the property in 2009 and didn't even live there.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiffs request:

1. That this Court enter a judgment in favor of the Plaintiffs on <u>Count I</u> and rescind the 2015 foreclosure sale.
2. That this Court enter a judgment in favor of the Plaintiffs on <u>Count II</u> and award damages of $84,000.
3. That this Court enter a judgment in favor of the Borrower on <u>Count III</u> and award damages of $84,000.
4. That this Court enter a judgment in favor of the Borrower on <u>Count IV</u> and award damages of $84,000.
5. That this Court issue such further and additional relief as is appropriate and just.

Respectfully submitted,

Plaintiffs,
Carole Louis
Marie Macdala Louis
By their Attorney,

Greg Sullivan, Esq.
BBO# 485970
Law offices of Gregory Sullivan
126 Essex St.
Malden, MA 02148
(781) 322-0090
gsullivanlaw@aol.com

March 27, 2016

## VERIFICATION

I, Carole Louis, being duly sworn depose and state that I have read a copy of this Verified Complaint, and have read the facts and statements contained in this Verified Complaint and hereby attest that the facts and statements contained in this Verified Complaint are true to the best of my knowledge and belief this 27th day of March 2016.

_____
Carole Luis

9

## VERIFICATION

I, Marie Macdala Louis, being duly sworn depose and state that I have read a copy of this Verified Complaint, and have read the facts and statements contained in this Verified Complaint and hereby attest that the facts and statements contained in this Verified Complaint are true to the best of my knowledge and belief this 27th day of March 2016.

_____
Marie Macdala Louis

10

## CERTIFICATE OF SERVICE

I, David Zak, attest that I have arranged for the in-hand service on the Defendant this 27th day of March 2016 the above-referenced Verified Complaint.

Greg Sullivan, Esq.
BBO# 485970
Law offices of Gregory Sullivan
126 Essex St.
Malden, MA 02148
(781) 322-0090
gsullivanlaw@aol.com

11

## GREGORY M. SULLIVAN, ESQ.

April 4, 2016

SENT BY CERTIFIED MAIL

Bank of America, N.A.
100 No. Tryon St.
Charlotte, NC 28255
USPS Tracking No.

Specialized Loan Servicing, LLC
8742 Lucent Blvd, Suite 300
Highlands Ranch, CO 80129
USPS Tracking No.

Bank of New York Mellon
225 Liberty Street
New York, NY 10286
USPS Tracking No.

RE: Carole Louis; 56 Clarence St. in Brockton, MA 02301

### UNLAWFUL FORECLOSURE

Dear Sir/Madam:

Please be advised this firm has been hired by Carole Louis hereinafter ("Plaintiff") relative to the above referenced pending Civil Action. This letter is being made as a demand that you compensate the Plaintiff in the amount of **$84,000** for engaging in unfair and deceptive practices emanating from a wrongful foreclosure which was conducted on the Plaintiff's property in 2015. Failure to make payment or make a reasonbale offer of settlement shall result in an Amendment of Pending complaint such that $252,000 in treble damages will be sought rather than the $84,000 which is being demanded.

As you may be aware, a demand for relief pursuant to Massachusetts General Laws Chapter 93A and the Regulations of the Attorney General enacted pursuant thereto require you to respond in writing with a reasonable offer of settlement on or within thirty (30) days of your receipt of this demand letter. A failure to properly respond and/or a violation of 93A can subject you to not only an award of attorney fees againstyou, but also for an award from a Court of competent jurisdiction, for up to three times the amount ofactual damages sustained.

On November 13, 2006, the Plaintiff purchased the subject property located at 56 Clarence St. in Brockton, MA as her primary residence by securing a mortgage loan from American Wholesale Lenders Network ("AWLN"). In or around 2007, the Plaintiff and sole mortgagor on the property, Carole Louis fell behind on her mortgage, which at the time was serviced by Countrywide, (which later became BoFA).

**Law Offices of Gregory M. Sullivan, Esq.**
126 Essex St. Malden, MA 02148
Tel. 781.322-0090; Fax. 781.322-0090; E-mail: gsullivanlaw@aol.com

In May 2009, in response to the Plaintiff's mortgage delinquency, the Plaintiff proceeded to sell their property via short sale while the loan was being serviced by Countrywide Home Loans, Inc., (now BoFA). At the time of the short-sale, the outstanding mortgage balance was approximately $320,000 and the property was acquired by a bona fide third-party purchaser for approximately $200,000, yielding a deficiency of approximately $120,000. BoFA never recorded the short sale deed with the registry of deeds and continued to represent to the Commonwealth, Credit Bureaus and Federal Government that the Plaintiff was the mortgagor on the loan even though the mortgage had been satisfied with the discounted pay-off from the 2009 short-sale.

BoFA's continued misrepresentations to the Commonwealth, Credit Bureaus and Federal Government regarding the Plaintiff's foreclosure status caused the Borrower's credit to dramatically decrease and prevented her from procuring employment with potential hospital employers which routinely check credit as a precondition for hiring staff. At the time that the short-sale was conducted, the Emergency Mortgage Tax Relief Act of 2007 ("EMTRA") and HAFA (Government Short-Sale Program) forgave borrowers for any monetary deficiencies which they incurred from short sales and/or foreclosures.

Despite having short-sold the property in 2009, BoFA never reported the forgivable deficiency to the Internal Revenue Service and continued to represent to the Commonwealth of Massachusetts that the borrower was the deed holder and mortgagor for the property. On October 20, 2011, the mortgage was assigned by MERS as nominee for AWLN to BNY. In or around 2012, BoFA service-transferred the loan to SLS, while BNY remained the trustee for the mortgage. On January 21, 2015 and then again on October 8, 2015, BNY filed a foreclosure petition in the land court against the Plaintiff. Under Mass. Gen. Laws c. 244 § 14, a foreclosing mortgagee must *notify all deed holders* of a pending foreclosure sale via a "Notice of Mortgagee Sale" at least twenty-one (21) days prior to the auction date. Under both state and federal law, it is well settled that a foreclosing mortgagee who fails to comply with Mass. Gen. Laws c. 244 § 14 must rescind the foreclosure sale and give the property back to the Borrower. Despite this law, *the Plaintiff was never sent a Notice of Mortgagee Sale, in direct violation of M.G.L. c. 244 § 14*. This failure to provide the notice means that the *foreclosure must be rescinded, the foreclosure deed voided and the property must be returned to the Plaintiff.*

On October 8, 2015, SLS and BNY jointly foreclosed on the Plaintiff's property. As of the October 8, 2015 foreclosure, the Plaintiff was not insulated from the tax liability which emanated from the foreclosure mortgage deficiency due to the fact that Congress did not extend the EMTRA between January 1, 2015 and December 31, 2015.

On November 24, 2015, SLS issued a Form 1099-C (Cancellation of Debt) with the Internal Revenue Service, indicating that Plaintiff had, de facto, earned income of $319,311 as a result of the foreclosure sale on her home. The Plaintiff is now liable, under IRS regulations, to pay taxes on $319,311 in income as a result of SLS's 1099-C filing. At some point after October 8, 2015, SLS reported the foreclosure which it wrongfully conducted on the Plaintiff's property to the credit bureau, thereby preventing the Plaintiff from being able to obtain a mortgage to purchase a new home and preventing her from procuring employment as a nursing assistant with a hospital.

As a result of the unfair and deceptive practices of Bank of America, N.A., Specialized Loan Servicing, LLC and Bank of New York Mellon the borrower lost a property wrongfully, had her credit damaged irreparably and lost employment for several years. We assess that she incurred damages of at least $84,000. This figure represents the negative arrears which were reported to the credit bureaus as a result of the foreclosure which the Plaintiff

**Law Offices of Gregory M. Sullivan, Esq.**
126 Essex St. Malden, MA 02148
Tel. 781.322-0090; Fax. 781.322-0090; E-mail: gsullivanlaw@aol.com

Given the above numerous violations, we therefore demand that Bank of America, N.A., Specialized Loan Servicing, LLC and Bank of New York Mellon agree to compensate the Plaintiff (and her co-Plaintiff) with $84,000 in damages.

Our client would only consider this as a fair offer of settlement which would release Bank of America, N.A., Specialized Loan Servicing, LLC and Bank of New York Mellon from our client's claims under Chapter 93A.

Please have a representative of Bank of America, N.A., Specialized Loan Servicing, LLC and Bank of New York Mellon contact me at gsullivanlaw@aol.com or at 781.322-0090. Thank you for your anticipated cooperation.

Very truly yours,

Gregory M. Sullivan, Esq.

cc: Carole Louis