UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CAROLE LOUIS and            )
MARIE MACDALA LOUIS,        )
    Plaintiffs,             )
                            )
                            )
          v.                )
                            ) C.A. No. 16-10859-MLW
                            )
BANK OF AMERICA, N.A.,      )
SPECIALIZED LOAN SERVICING LLC, )
and BANK OF NEW YORK MELLON,    )
    Defendants.             )

MEMORANDUM AND ORDER

WOLF, D.J.                                    March 30, 2017

In an October 21, 2016 Report and Recommendation, the Magistrate Judge recommended that defendants' motion for judgment on the pleadings be denied as to plaintiff's claim for quiet title (Count I), and allowed as to plaintiffs' claims for inaccurate credit reporting in violation of the Fair Credit Reporting Act ("FCRA") (Count II), defamation (Count III), and invasion of privacy (Count IV). The Magistrate Judge also recommended that plaintiff Marie Macdala Louis ("Marie Louis") be dismissed for lack of standing. The defendants, Bank of New York Mellon ("BNY Mellon") and Specialized Loan Servicing LLC ("SLS"), filed an objection concerning Count I to the Report and Recommendation and submitted new evidence concerning that objection. Plaintiffs Carole and Marie Louis made no objection to the Report and Recommendation.

The court has reviewed de novo the issues to which a proper objection has been made. See Fed. R. Civ. P. 72(b)(3). For the reasons explained below, the court is adopting the Report and Recommendation in part as to Counts II, III, and IV, remanding the Report and Recommendation in part to the Magistrate Judge as to Count I, and dismissing plaintiff Marie Louis for lack of standing.

The parties have not made any objection to the Report and Recommendation regarding Counts II, III, and IV, and the issue of Marie Louis' Article III standing. The court, therefore, need not review these issues de novo. Waiver of de novo review by failing to file proper objections does not entitle a party to "some lesser standard" of review. Thomas v. Arn, 474 U.S. 140, 149-50 (1985); see also Costa v. Hall, No. 00-12213-MLW, 2010 WL 5018159, at *17 (D.Mass. Dec. 2, 2010) ("Absent objections, the court may adopt the report and recommendation of the magistrate judge."). However, review by the court in such circumstances is not prohibited, and some level of oversight, even if not de novo, is encouraged. See Henderson v. Carlson, 812 F.2d 874, 878 (3rd Cir. 1987). The court has reviewed the Report and Recommendation and finds it to be thorough and persuasive as to Counts II, III, and IV, and the matter of Marie Louis' standing. It is, therefore, being adopted with regard to those Counts.

As to Count I, plaintiffs argue for quiet title and rescission of the 2015 foreclosure under the theory that defendants failed to provide the plaintiffs a notice of the foreclosure sale, which is required under Mass. Gen. Laws c. 244 §14. The Magistrate Judge recommended that the motion for judgment on the pleadings be denied as to Count I because the defendants did not present sufficient evidence to prove that they met the notice requirements of §14. Section 14 requires that the mortgagee must provide notice to the mortgagor by registered mail. The defendants, in their answer, provided only a compilation of notices with certified article numbers stamped on them. See Ex. A to Answer (Docket No. 10-1). The Magistrate Judge found that such evidence is insufficient to prove notice was sent. In their objection to the Report and Recommendation, defendants submitted additional evidence, including certified mail receipts and returned envelopes of the notices they sent, which are the type of evidence that the Magistrate Judge suggested would be sufficient. See R&R at 6-7.

In view of the additional evidence presented by the defendants, the court finds that it is appropriate to have the Magistrate Judge reconsider Count I. See 28 U.S.C. §636(b)(1). Ordinarily, evidence not attached to a Complaint should not be considered. However, on a motion for judgment on the pleadings, the court may consider "'documents the authenticity of which are

3

not disputed by the parties; . . . documents central to plaintiffs' claim; [and] documents sufficiently referred to in the complaint.'" Curran v. Cousins, 509 F.3d 36, 44 (1st Cir. 2007) (quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)); see also Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 17 (1st Cir. 1998) ("[T]he court need not accept a complaint's 'bald assertions' ... [and the] inquiry into the viability of [plaintiff's] allegations should not be hamstrung simply because the plaintiff fails to append to the complaint the very document upon which by her own admission the allegations rest."). The evidence submitted for the first time to this court may or may not be within this exception. The Complaint alleges not that notice was never received by the plaintiffs but that it was "never sent to [them]." Compl. ¶18. Therefore, the Complaint's factual allegations appear to be expressly linked to the returned envelopes and certified mail receipts submitted by the defendants. See Beddall, 137 F.3d at 17. The court does not know if their authenticity is disputed.

The defendants had the opportunity to present this evidence to the Magistrate Judge and did not do so. Usually, the "[p]arties must take before the magistrate, not only their best shot but all of their shots." Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987) (internal quotations omitted). The reviewing court may consider evidence and

4

arguments not presented to the Magistrate Judge only "in the most compelling circumstances." Id. The rule promotes judicial efficiency. It also serves the interest of fairness by assuring that a matter will not be decided based on evidence or arguments that an opposing party has not had the opportunity to address.

In this case, because new evidence was presented to this court in the objections to the Report and Recommendation, rather than to the Magistrate Judge in connection with a motion for reconsideration, plaintiffs have not had an opportunity to dispute their authenticity, contend that they should not be considered on the pending motion, or argue the implications of them. However, if the new evidence is considered it may justify judgment for defendants in Count I. Therefore, the court concludes that it is most appropriate to deny the motion for judgment on Count I without prejudice to the issue being reconsidered by the Magistrate Judge, to whom this question is being referred for a second Report and Recommendation.

In view of the foregoing, it is hereby ORDERED that:

1. The attached Report and Recommendation (Docket No. 29) is ADOPTED in part and REMANDED in part, as described in this Memorandum and Order, pursuant to 28 U.S.C. §636(b)(1).

2. Defendant's Motion for Judgment on the Pleadings (Docket No. 14) concerning Counts II, III, and IV is ALLOWED.

3. Defendant's Motion for Judgment on the Pleadings (Docket No. 14) on Count I is DENIED without prejudice, and REMANDED to the Magistrate Judge for further proceedings and another Report and Recommendation.

4. Plaintiff Marie Louis is DISMISSED for lack of standing.

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CAROLE LOUIS and
MARIE MACDALA LOUIS,
    Plaintiffs,

v.                                            CIVIL ACTION NO. 16-10859-MLW

BANK OF AMERICA, N.A.,
SPECIALIZED LOAN SERVICING, LLC, and
BANK OF NEW YORK MELLON,
    Defendants.

REPORT AND RECOMMENDATION ON
DEFENDANTS BANK OF NEW YORK MELLON
AND SPECIALIZED LOAN SERVICING, LLC'S
MOTION FOR JUDGMENT ON THE PLEADINGS (#14).

KELLEY, U.S.M.J.

I. Introduction.

Plaintiffs Carole Louis and Marie Macdala Louis filed an action in the Superior Court of the Commonwealth of Massachusetts, Plymouth County against Bank of America, N.A. (BANA), Specialized Loan Servicing, LLC (SLS), and Bank of New York Mellon (BNY Mellon) to quiet title, Count I, for inaccurate credit reporting in violation of the Fair Credit Reporting Act (FCRA), Count II, defamation, Count III, and invasion of privacy, Count IV.[1] (##1, 1-1.) BANA removed the matter to this court. (#1.) On August 9, 2016, BANA was

---

[1] Counts III and IV are common law negligence claims purportedly brought under the FCRA. (#1-1 ¶¶ 38, 49.)

dismissed from the case. (*See* #21 Joint Stipulation of Dismissal with Prejudice.) Thereafter, remaining defendants, SLS and BNY Mellon, filed a motion to dismiss (#14); plaintiffs responded in opposition (#25); and defendants filed a reply (#28). At this juncture the motion to dismiss stands ready for decision.

## II. The Facts.

The facts as set forth in the complaint are as follows. On November 13, 2006, plaintiffs purchased the property at 56 Clarence Street in Brockton, Massachusetts (the Property). (#1-1 ¶ 7.) Plaintiff Carole Louis granted a mortgage to Mortgage Electronic Registration Systems Inc. (MERS), as nominee for American Wholesale Lenders Network (AWLN). *Id.*; (#10 ¶ 7.) BANA, through its predecessor Countrywide, serviced the loan from 2007 to 2012. (#1-1 ¶¶ 8, 16.) SLS took over as the servicer of the loan in 2012 and remained as such until the debt was released via foreclosure in 2015. *Id.* at ¶¶ 16, 24. BNY Mellon was the mortgagee on the Property from October 20, 2011 through the 2015 foreclosure. *Id.* at ¶¶ 15, 20.

Around 2007, plaintiff Carole Louis, the sole mortgagor for the Property, defaulted on the loan.[2] *Id.* ¶ 8. According to plaintiff, in May 2009, the Property was sold via short sale[3] to a bona fide third-party purchaser. *Id.* ¶¶ 9, 10. At the time of sale, the outstanding balance on the mortgage was $320,000.00, which was to be offset by the $200,000.00 sale price, leaving a

---

[2] Defendants contest plaintiff Marie Macdala Louis' standing on the grounds that she lacks any connection to the mortgage. (#15 at 2.) Plaintiffs fail to respond to this challenge. (*See* #25.) Notably, plaintiffs' opposition is interspersed with references to "the plaintiff" throughout the document. *Id.* Lack of allegations sufficient to establish plaintiff Macdala Louis' Article III standing in the complaint, coupled with plaintiffs' failure to respond to defendants' challenge, requires dismissal of plaintiff Macdala Louis. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) ("The party invoking federal jurisdiction bears the burden of establishing the[] elements [of Article III standing]."). Therefore the court will only address issues that pertain to plaintiff Carole Louis.

[3] "In a short sale, the lender agrees to allow the borrower to sell the home for less than what he owes on the mortgage." *Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 69 n. 3 (1st Cir. 2014).

2

deficiency of $120,000.00. *Id.* ¶ 10. BANA, as the then servicer of the loan, failed to record the short sale deed and continued to represent to the Commonwealth, credit bureaus, and the federal government that plaintiff was the mortgagor, even though the mortgage had allegedly been satisfied with the discount sale price from the 2009 short sale.[4,5] *Id.* ¶ 11. BANA also allegedly failed to report the forgivable deficiency to the Internal Revenue Service (IRS). *Id.* ¶ 14. BANA's failures caused plaintiff's credit to decrease dramatically and resulted in her inability to obtain desired employment. *Id.* ¶ 12.

On October 20, 2011, the mortgage was assigned by MERS, as nominee for AWLN, to BNY Mellon. *Id.* at ¶ 15. Around 2012, BANA transferred its loan servicing duties to SLS. *Id.* at ¶ 16. SLS reported to various credit bureaus that plaintiff was in a state of foreclosure[6] on the mortgage from the time it took over as servicer through the 2015 foreclosure. *Id.* ¶¶ 42, 52. In like manner to her allegations against BANA, plaintiff asserts that SLS's actions harmed her credit and resulted in her inability to obtain desired employment. *Id.* ¶ 44.

On January 21, 2015, BNY Mellon filed a foreclosure action against plaintiff in the Massachusetts Land Court. *Id.* at ¶ 17. On October 8, 2015, SLS and BNY Mellon jointly foreclosed on the Property. *Id.* at ¶ 20. On November 24, 2015, SLS filed a Form 1099-C

---

[4] It is perplexing that plaintiff alleges the Property was sold and the mortgage discharged in 2009, yet later in the complaint alleges defendants failed properly to notice plaintiff prior to foreclosing on the Property in 2015. *Compare* #1-1 ¶¶ 9, 10, *with* #1-1 ¶¶ 17-20. The latter allegation requires that she still have been the mortgagor on the loan secured by the Property. Although plaintiff proceeds under both theories, the court is unable to square this factual contradiction. When confronted with this inconsistency, plaintiff retreats from her position that the house was sold in 2009. (#25 at 4.) In the alternative, she states that evidence supports a showing that "the short sale was well on its way to being completed and that the Plaintiff, Ms. Louise [sic], moved . . . on the premise that a short sale had been conducted." *Id.*

[5] There is no reference to any contract between plaintiff and the then mortgagee, AWLN, agreeing to release plaintiff from the mortgage in exchange for the short sale of the Property. (*See* #1-1.)

[6] From all that can be gleaned from plaintiff's papers, it appears she uses the terms "default" and "foreclosure" interchangeably. Notably, the first alleged action by defendants implementing any foreclosure proceeding did not occur until January 21, 2015. (#1-1 ¶ 17.)

(Cancellation of Debt) with the IRS indicating that plaintiff had, *de facto*, earned income of $319,311.00 from the foreclosure sale. *Id.* at ¶ 22. This resulted in plaintiff's being obligated to pay taxes on this amount. *Id.* at ¶ 23.

At some point after the October 8, 2015 foreclosure, SLS reported the foreclosure to a credit bureau,[7] which allegedly hindered plaintiff's ability to obtain a mortgage to purchase a new home and prevented her from obtaining employment as a nursing assistant. *Id.* at ¶ 24.

### III. Standard of Review.

Rule 12(c) of the Federal Rules of Civil Procedure provides that a party may move for judgment on the pleadings after the pleadings have closed. Fed. R. Civ. P. 12. "A motion for judgment on the pleadings is treated much like a Rule 12(b)(6) motion to dismiss." *Perez-Acevedo v. Rivero-Cubano*, 520 F.3d 26, 29 (1st Cir. 2008) (citing *Curran v. Cousins*, 509 F.3d 36, 43-44 (1st Cir. 2007)). Motions for dismissal and judgment on the pleadings are governed by the same standard. *4MVR, LLC v. Hill*, No. 12-cv-10674, 2015 WL 3884054, at *6 (D. Mass. June 24, 2015). "A Rule 12(c) motion nonetheless differs from a Rule 12(b)(6) motion because it implicates the pleadings as a whole." *Santiago v. Bloise*, 741 F. Supp. 2d 357, 360 (D. Mass. 2010) (citation and internal quotation mark omitted). Facts in the answer, however, "are taken as true only where and to the extent that they have not been denied or do not conflict with those of the complaint." *Id.* (citation omitted).

To survive a Rule 12(c) motion, "a complaint must contain factual allegations that 'raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true....'" *Perez-Acevedo*, 520 F.3d at 29 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The court must consider the well-pleaded facts "in the light most

---

[7] In the complaint, plaintiff sometimes refers to multiple credit bureaus, while at other times she refers to a single credit bureau.

4

favorable to the non-moving party" and "draw[] all reasonable inferences in its favor." *Gray v. Evercore Restructuring L.L.C.*, 544 F.3d 320, 324 (1st Cir. 2008) (citing *Curran*, 509 F.3d at 43).

Subject to certain narrow exceptions and absent a conversion of the Rule 12(c) motion to a summary judgment motion under the procedure set forth in Rule 12(d), the court's review is confined to the complaint and the answer. Exceptions exist that allow consideration of "facts susceptible to judicial notice." *R.G. Financial Corp. v. Vergara-Nunez*, 446 F.3d 178, 182 (1st Cir. 2006) (discussing Rule 12(c) motion). In evaluating a Rule 12(c) motion, a court may also "consider documents the authenticity of which are not disputed by the parties" as well as "documents central to the plaintiff's claim" and "documents sufficiently referred to in the complaint." *Curran*, 509 F.3d at 44; *see also Trans-Spec Truck Service, Inc. v. Caterpillar Inc.*, 524 F.3d 315, 321-322 (1st Cir. 2008); *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993). When the documents submitted are part of the public record, the court may consider them without converting the motion to dismiss into a motion for summary judgment. *See In re Stone & Webster*, 253 F. Supp. 2d 102, 128 & n.11 (D. Mass. 2003).

IV. <u>Discussion</u>.

A. <u>Violation of Mass. Gen. Laws c. 244 § 14</u>.

In Count I, plaintiff seeks to quiet title and rescission of the October 8, 2015 foreclosure of the Property under the theory that defendants failed to comport with Mass. Gen. Laws c. 244 § 14. (#1-1 at ¶¶ 25-28.)

> A mortgage holder who forecloses by power of sale must comply with the notice requirements set forth in MGL ch. 244, § 14. 'Advance notice of the foreclosure sale must be provided to the mortgagor by registered mail and other interested parties by publication in a newspaper published or generally circulating in the town where the mortgaged property lies.' *Culhane* [*v. Aurora Loan Services*

5

*of Nebraska]*, 826 F.Supp.2d [352,] 362 [(D. Mass. 2011)]; Mass. Gen. Laws ch. 244, § 14.

*In re Bailey*, 468 B.R. 464, 472 (Bankr. D. Mass. 2012). Plaintiff takes issue with defendants' mailing of notice. (*See* #1-1 at ¶¶ 18, 19, 26-28.) While "[t]he law in Massachusetts is clear; the requirement that the notice be mailed to the owner of the relevant property is satisfied by mailing and nonreceipt is irrelevant[,]" plaintiff asserts that defendants did not send notice to the Property or to the address at which plaintiff resided during the relevant period – an address of which defendants were aware.[8] *Bailey*, 468 B.R. at 472-73; (#1-1 ¶ 18 ("This notice was never sent") (emphasis omitted); #25 at 2-3.)

In an effort to rebuff plaintiff's allegation of deficient notice, defendants direct the court to Exhibit A of their answer as evidence that multiple notices were sent to multiple addresses, including the Property. (#15 at 11.) Exhibit A, however, which consists of a compilation of foreclosure notices with "certified article numbers" printed on them, does not illustrate that defendants satisfied § 14. (*See* #10-1.) Plaintiff notes that when the certified article numbers are inputted into the United States Postal Service (USPS) tracking system, the results show that the notices were not delivered to the Property or plaintiff's then address in Winthrop, Massachusetts. (#25 at 3.) Independent review of USPS records demonstrates that the letters in question were delivered to addresses in Newton Highlands and Shrewsbury, Massachusetts.[9] Without any showing that notice of foreclosure was sent to plaintiff or the Property, *i.e.*, the actual envelope with plaintiff's address or an affidavit in support, defendants' documents are unpersuasive.

---

[8] Plaintiff proffers Exhibit B of her opposition as evidence that defendants were on notice of her Winthrop address. Exhibit B is a mortgage statement from SLS to plaintiff with her Winthrop address as the mailing address. (*See* #25-2 at 2.)

[9] While the documents in issue contain the proper addresses for plaintiff and the Property, there is nothing to show that they were in fact mailed to those locations. (*See* #10-1.) Defendants do not explain how these documents demonstrate that notice was sent to an appropriate location. (*See* #15.)

6

*Compare* #10-1, *with Lindsey v. First Horizon Home Loans*, No-11-10408-FDS, 2012 WL 689745, at *3 (D. Mass. Mar. 1, 2012) (defendants submitted a copy of the postmarked envelope (#12-6 at 4) evidencing the appropriate address), *and Branch Ave Capital, LLC v. U.S. Bank Nat. Ass'n*, No. 12-40140-TSH, 2013 WL 5242121, at *3 (D. Mass. Sept. 16, 2013) (defendants provided an affidavit of sender along with documents containing certified article numbers), *and In re Goulet*, No. 13-41812-MSH, 2015 WL 269269, at *2 (Bankr. D. Mass. Jan. 21, 2015) (same). Thus, Count I should not be dismissed at this stage.

### B. Violations of the FCRA – Counts II, III, and IV.

Plaintiff's remaining claims assert violations of the FCRA, § 1681s–2(b). (*See* #1-1 at ¶¶ 29-50.) All three counts are premised on defendants'[10] alleged failure to report properly the 2009 short sale, which resulted in plaintiff's remaining in a state of default thereafter.[11] *Id.* There are several flaws in plaintiff's argument, each of which proves fatal to her claims.

#### 1. Failure to State a Claim.

The parameters of the FCRA's private right of action are an insuperable obstacle for plaintiff:

> Under § 1681s–2, furnishers may not provide inaccurate information to consumer reporting agencies, 15 U.S.C. § 1681s–2(a)(1), and also have specific duties in the event of a dispute over furnished information, *id.* § 1681s–2(b). Only the second of these duties is subject to a private cause of action.
>
> Section 1681s–2(a) prohibits any person from 'furnish[ing] any information relating to a consumer to any consumer reporting agency if the person

---

[10] The remaining counts allege wrongdoing on behalf of defendant SLS and dismissed defendant BANA. While the court's analysis is confined to SLS's actions in these counts, for the sake of consistency and because defendants jointly filed the instant motion, the court will continue to address the moving party as defendants.

[11] Count II alleges defendants violated FRCA by failing to report the 2009 short sale and falsely reporting plaintiff in active foreclosure status thereafter; Count III alleges defendants' actions set out in Count II defamed plaintiff; and Count IV alleges defendants' actions set out in Count II were an invasion of plaintiff's privacy. (#1-1 at ¶¶ 30, 37, 48.)

7

knows or has reasonable cause to believe that the information is inaccurate.' *Id.* § 1681s–2(a)(1)(A). Congress expressly limited furnishers' liability under § 1681s–2(a) by prohibiting private suits for violations of that portion of the statute. *Id.* § 1681s–2(c)(1).

Section 1681s–2(b), the provision at issue in this case, outlines a furnisher's duties when a consumer *disputes* the completeness or accuracy of information in their credit report. Under the FCRA, consumers generally notify CRAs of such disputes. *See id.* § 1681i(a)(1). Although a consumer may dispute credit information directly to a furnisher, [] the consumer has no private right of action if the furnisher does not reasonably investigate the consumer's claim after direct notification.

*Chiang v. Verizon New England Inc.*, 595 F.3d 26, 35 (1st Cir. 2010) (emphasis added). Despite plaintiff's assertion that her FCRA claims are governed by § 1681s–2(b), they fall squarely within the confines of § 1681s–2(a): Defendant SLS is a furnisher[12] and plaintiff alleges a failure to report properly her credit information. The complaint does not allege that plaintiff notified defendant SLS or a consumer reporting agency (CRA) of the supposed inaccuracies in the information concerning her mortgage and default status, as required by § 1681s–2(b). *See Chiang*, 595 F.3d at 35-38 (discussing a plaintiff's burden bringing a claim under § 1681s–2(b)); *Hernandez v. Wells Fargo Bank, N.A.*, No. 13-CV-13047-ADB, 2015 WL 4480839, at *3 (D. Mass. July 22, 2015) ("[I]naccurate reporting by a furnisher does not, by itself, give rise to a private cause of action. . . . Furthermore, while a consumer may dispute credit information either directly with a furnisher or with a CRA, a private cause of action exists only for failure to properly investigate a dispute reported to a CRA.") (internal citation omitted)); *Islam v. Option One Mortg. Corp.*, 432 F. Supp. 2d 181, 185 (D. Mass. 2006) ("These private rights of

---

[12] Any person with relevant data about a consumer's financial activity may voluntarily provide it to a CRA, but "[t]he most common . . . furnishers of information are credit card issuers, auto dealers, department and grocery stores, lenders, utilities, insurers, collection agencies, and government agencies." *Chiang*, 595 F.3d at 35 (quoting H.R. Rep. 108–263, at 24 (2003)).

8

action, however, are limited to violations of Subsection (b) (post-notice duties) and are explicitly precluded from use in enforcing Subsection (a) (general duties).").

As the complaint does not allege that plaintiff disputed the inaccuracies concerning her credit, Counts II, III, and IV must fail as Congress has provided no such private right of action.

## 2. Preemption.

Defendants argue that Counts III and IV, the common law negligence claims, are preempted under the FCRA. (#15 at 15-18.) Two sections of the FCRA concern preemption of state law claims: § 1681h(e) and § 1681t(b)(1)(F). Section 1681h(e), which was included in the original Act, preempts state law claims, including defamation and invasion of privacy, against furnishers except as to false information furnished with malice or willful intent to injure the consumer. *See* § 1681h(e); *Vazquez-Garcia v. Trans Union De Puerto Rico*, 222 F. Supp. 2d 150, 159-160 (D.P.R. 2002). Section 1681t(b)(1)(F), a product of the Consumer Credit Reporting Reform Act of 1996, creates an absolute bar to all state law claims, save for those specifically enumerated in § 1681t(b)(1)(F).[13] Courts in this circuit have tried to decipher Congress' intent in promulgating an amendment that appears to make § 1681h(e) superfluous. *See, e.g., Islam*, 432 F. Supp. 2d at 189-194 (addressing the various ways in which courts have squared the two competing sections and concluding the preferred method is to apply § 1681t(b) to statutory causes of action and § 1681h(e) to common law causes of action); *Vazquez-Garcia*, 222 F. Supp. 2d 150, 159-164 (taking solace in a District of Kansas case in which the court bifurcated the applicability of the sections at the point when the furnisher was notified of the consumer's

---

[13] The only portion of Massachusetts law exempted by § 1681t(b)(1)(F) is § 54A(a) of Mass. Gen. Laws c. 93. *See* § 1681t(b)(1)(F)(i).

9

dispute, so that § 1681h(e) applies before notice and § 1681t(b)(1)(F) applies after). To date, the First Circuit has provided no guidance on the issue.

Understanding the unsettled state of FCRA preemption in this circuit, there is no need to muddy the waters further. Plaintiff fails to allege any malice or willful intent to injure on the part of defendants. Thus, even if the more lenient standard of § 1681h(e) is applied, plaintiff's common law claims are preempted. Counts III and IV should be dismissed.

### 3. Non-Release of Debt.

As noted above plaintiff's complaint contains factual inconsistencies as to whether the Property was sold at the 2009 short sale. Defendants assert the sale is a falsehood contradicted by the relevant Registry of Deed's records (#15-1). (*See* #15 at 10.) Review of the records in question shows no deed was recorded in 2009 nor was any sale. (*See* #15-1.) Moreover, there is no recording by a bona fide third-party purchaser in 2009, despite the non-extinguishment of the mortgage. *Id.* While defendants' position may hold water at the summary judgment stage, here, plaintiff sufficiently alleges that the Property was sold in 2009, therefore the court will assume as much. (*See* #1-1 ¶¶ 9-11.) However, sale of the property alone cannot salvage plaintiff's FCRA claims.

Plaintiff's remaining claims depend on two events: the sale of the Property in 2009 and the subsequent release of her obligations under the mortgage as a result of the sale. Noticeably absent from the complaint is any mention of an agreement with AWLN, the then mortgagee, agreeing to release plaintiff in exchange for the short sale proceeds. Rather, plaintiff makes the conclusory assertion that "the mortgage had been satisfied with the . . . payoff from the 2009 short-sale." (#1-1 at ¶ 11.) Despite her characterization of the sale in question as a "short sale,"

10

plaintiff has alleged no facts to show that she was entitled to release from the mortgage, thereby making defendants' reporting of continued default improper. Thus, plaintiff's allegations are facially deficient and fail to make out violations under the FCRA.

### 3. Defendants' Reliance on Public Records.

Plaintiff alleges that defendant SLS and dismissed defendant BANA incorrectly reported her as in default based on their failure to report the short sale. However, at the time of the short sale, 2009, SLS was not the servicer of plaintiff's mortgage. (#1-1 at ¶ 16 ("In or around 2012, [BANA] service-transferred the loan to SLS . . . .").) SLS's potential liability is bookended on one side by the 2012 transfer from BANA. Thus, SLS had no involvement in the alleged 2009 short sale, and any reporting done by SLS must have comported with the records that existed during 2012-2015 period. Plaintiff does not contest that she was in default prior to the short sale. Without any record of the short sale or any release by the mortgagee evidenced in the Registry of Deeds, SLS, upon taking over as servicer of the loan, was justified in reporting plaintiff's continuing state of default.

### V. Conclusion.

For all of the reasons stated, I RECOMMEND that Defendants Bank of New York Mellon and Specialized Loan Servicing, LLC's Motion for Judgment on the Pleadings (#14) be DENIED as to Count I and ALLOWED as to Counts II, III, and IV.

### VI. Review by District Court Judge.

The parties are hereby advised that any party who objects to this recommendation must file specific written objections with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The objections must specifically identify the portion of the recommendation to which objections are made and state the basis for such objections. The

11

parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

October 21, 2016

/s / M. Page Kelley
M. Page Kelley
United States Magistrate Judge