UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CAROLE LOUIS,[1]
    Plaintiff,

v.                                    CIVIL ACTION NO. 16-10859-MLW

BANK OF AMERICA, N.A.,
SPECIALIZED LOAN SERVICING, LLC, and
BANK OF NEW YORK MELLON,
    Defendants.

REPORT AND RECOMMENDATION ON
RECONSIDERATION OF COUNT I.

KELLEY, U.S.M.J.

I. Introduction.

In a Report and Recommendation dated October 21, 2016 (#29), incorporated by reference here, the court recommended dismissal of all claims against the remaining defendants, Specialized Loan Servicing, LLC and Bank of New York Mellon, save for Count I, which seeks to quiet title and rescission of the foreclosure. *See* (#29.) Based on the record at the time the Report and Recommendation issued, the court found that Count I should not be dismissed because defendants had not demonstrated that they complied with the relevant Massachusetts notice requirements. *Id.* at 5-7. In their objection to the court's Report and Recommendation (#30), defendants submitted additional documentation (##30-1, 30-2, 30-3) in order to illustrate

---

[1] Carole Louis is the sole remaining plaintiff in this action. *See* (#31 at 6 (dismissing plaintiff Marie Louis for lack of standing).)

that they had in fact satisfied the statutory notice requirements. The district court judge to whom this case is assigned, Judge Wolf, adopted the court's Report and Recommendation in part, dismissing three of the four counts levied in the complaint, Counts II-IV, and remanded Count I for further consideration in light of the additional evidence submitted by defendants in their objection. *See* (#31.) Specifically, the district court remanded the matter for a determination as to the propriety of defendants' submissions in the context of a Rule 12(c), Fed. R. Civ. P., motion; to afford plaintiff the opportunity to make any objection to these submissions; and, if the submissions are deemed within the court's purview, whether dismissal of Count I is warranted. *Id.* Plaintiff was given three weeks to respond to the district court's Order, *see* (#33), yet failed to do so.

## II. Discussion.

### A. Consideration of Additional Documents.

In evaluating a Rule 12(c) motion, a court may "consider documents the authenticity of which are not disputed by the parties" as well as "documents central to the plaintiff's claim" and "documents sufficiently referred to in the complaint." *Curran v. Cousins*, 509 F.3d 36, 44 (1st Cir. 2007); *see also Trans-Spec Truck Service, Inc. v. Caterpillar Inc.*, 524 F.3d 315, 321-322 (1st Cir. 2008); *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993).

Here, plaintiff was afforded ample opportunity to contest the authenticity of the documents submitted by defendants, but did not do so. As such, the court deems any argument with respect to authenticity waived.[2] Moreover, the documents in issue (described more fully below) are central to plaintiff's claim, given that Count I is premised entirely on their non-existence, i.e., that defendants never sent the notice of foreclosure. The court will consider the

---

[2] For this reason alone, the court may consider the documents in its reconsideration of Count I.

documents attached to defendants' objection to the Report and Recommendation in its reconsideration of Count I.

B. Count I.

Count I seeks to quiet title and rescission under the theory that defendants failed to comport with Mass. Gen. Laws ch. 244, § 14. (#1-1 ¶¶ 25-28.)

> A mortgage holder who forecloses by power of sale must comply with the notice requirements set forth in MGL ch. 244, § 14. 'Advance notice of the foreclosure sale must be provided to the mortgagor by registered mail and other interested parties by publication in a newspaper published or generally circulating in the town where the mortgaged property lies.' *Culhane* [*v. Aurora Loan Services of Nebraska*]*,* 826 F.Supp.2d [352,] 362 [(D. Mass. 2011)]; Mass. Gen. Laws ch. 244, § 14.

*In re Bailey*, 468 B.R. 464, 472 (Bankr. D. Mass. 2012) (footnote omitted). The court, in its first Report and Recommendation, concluded that defendants had not demonstrated that notice was sent to the property at issue or to the address at which plaintiff resided during the relevant period. (#29 at 6-7.) In reaching that conclusion, the court found the documents attached to defendants' answer (#10) inadequate and offered several contrasting examples of documentation sufficient to evidence compliance with § 14. *See id.* (citing *Lindsey v. First Horizon Home Loans*, No-11-10408-FDS, 2012 WL 689745, at *3 (D. Mass. Mar. 1, 2012) (defendants submitted a copy of the postmarked envelope (#12-6 at 4) with the appropriate address); *Branch Ave Capital, LLC v. U.S. Bank Nat. Ass'n*, No. 12-40140-TSH, 2013 WL 5242121, at *3 (D. Mass. Sept. 16, 2013) (defendants provided an affidavit of sender along with documents containing certified article numbers); *In re Goulet*, No. 13-41812-MSH, 2015 WL 269269, at *2 (Bankr. D. Mass. Jan. 21, 2015) (same)).

As the district court said in its March 30, 2017 Order, *see* (#31 at 5), the additional evidence submitted with defendants' objection to the Report and Recommendation could suffice

to show defendants' compliance with § 14. The documents in question are: certified mail labels (#30-1); certified mail receipts (#30-2); and certified mail returned notices (#30-3). These documents demonstrate that defendants sent the requisite notice to the appropriate address(es),[3] thus complying with the notice requirement of § 14. *See, e.g.*, *In re Bailey*, 468 B.R. at 472-473 ("The law in Massachusetts is clear; the requirement that the notice be mailed to the owner of the relevant property is satisfied by mailing and *nonreceipt is irrelevant*." (emphasis in original) (internal citation and quotation marks omitted)). Therefore, the once fatal flaw in defendants' argument has been rectified and Count I should be dismissed.

### III. Conclusion.

For all of the reasons stated, I RECOMMEND that Defendants Bank of New York Mellon and Specialized Loan Servicing, LLC's Motion for Judgment on the Pleadings (#14) be ALLOWED as to Count I.

### IV. Review by District Court Judge.

The parties are hereby advised that any party who objects to this recommendation must file specific written objections with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The objections must specifically identify the portion of the recommendation to which objections are made and state the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702

---

[3] Defendants sent notices of foreclosure to both the property and plaintiff's then current address. *See* (##30-1, 30-2, 30-3.)

F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

April 25, 2016

/s / M. Page Kelley
M. Page Kelley
United States Magistrate Judge