UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CAROLE LOUIS and                        )
MARIE MACDALA LOUIS,                    )
    Plaintiffs,                        )
                                        )
                                        )
          v.                        )
                                        )  C.A. No. 16-10859-MLW
                                        )
BANK OF AMERICA, N.A.,                  )
SPECIALIZED LOAN SERVICING              )
LLC, and BANK OF NEW YORK               )
MELLON,                                 )
    Defendants.                        )

MEMORANDUM AND ORDER

WOLF, D.J.                                        June 16, 2017

In an October 21, 2016 Report and Recommendation, the Magistrate Judge recommended that defendants' motion for judgment on the pleadings be denied as to plaintiff's claim for quiet title (Count I), and allowed as to plaintiffs' claims for inaccurate credit reporting in violation of the Fair Credit Reporting Act ("FCRA") (Count II), defamation (Count III), and invasion of privacy (Count IV). See Docket No. 29. The Magistrate Judge also recommended that plaintiff Marie Macdala Louis ("Marie Louis") be dismissed for lack of standing. The defendants, Bank of New York Mellon ("BNY Mellon") and Specialized Loan Servicing LLC ("SLS"), filed an objection concerning Count I to the Report and Recommendation and submitted new evidence concerning that objection. Plaintiffs Carole and Marie Louis made no objection to the Report and Recommendation. Id. The court adopted the Report

and Recommendation in part as to Counts II, III, and IV, remanded the Report and Recommendation in part to the Magistrate Judge as to Count I, and dismissed plaintiff Marie Louis for lack of standing. See Docket No. 31.

As to Count I, the Magistrate Judge had recommended that the motion for judgment on the pleadings be denied because the defendants did not present sufficient evidence to prove that they gave notice of the foreclosure sale, as required by M.G.L. c. 244 §14. In their objection to the Report and Recommendation, defendants submitted additional evidence, including certified mail receipts and returned envelopes of the notices they sent, which are the type of evidence that the Magistrate Judge suggested would be sufficient to meet the notice requirements of M.G.L. c. 244 §14. See Docket No. 29 at 6-7. In view of the additional evidence presented by the defendants, the court found that it was appropriate to have the Magistrate Judge reconsider her recommendation concerning Count I. See Docket No. 31 at 3-4.

On March 31, 2017, the Magistrate Judge ordered plaintiff to address the new evidence concerning Count I by April 21, 2017 and defendants to file any response by April 28, 2017. See Docket No. 33. Plaintiff did not respond to this Order. On April 25, 2017, the Magistrate Judge issued a second Report and Recommendation. See Docket No. 34. In that Report and Recommendation, the Magistrate Judge recommends that the court allow defendants'

2

motion for judgment on the pleadings as to Count I based on the additional documentation presented with defendants' objections to the October 21, 2016 Report and Recommendation. See id. at 3-4.

The Magistrate Judge advised the parties that, pursuant to the Federal Rule of Civil Procedure 72(b)(2), they had 14 days to file specific written objections to her recommendation. Accordingly, any such objections were due by May 9, 2017. On May 9, 2017, plaintiff filed a motion for extension of time to May 16, 2017 to file objections to the Report and Recommendation. See Docket No. 35. The Magistrate Judge granted that motion. See Docket No. 36. Despite being granted an extension of time, plaintiff has not filed any objections.

Because the parties have not objected to the Report and Recommendation, the court need not review the issues it addresses de novo. Waiver of de novo review by failing to file proper objections does not entitle a party to "some lesser standard" of review. Thomas v. Arn, 474 U.S. 140, 149-50 (1985); see also Costa v. Hall, No. 00-12213-MLW, 2010 WL 5018159, at *17 (D. Mass. Dec. 2, 2010) ("Absent objections, the court may adopt the report and recommendation of the magistrate judge."). However, review by the court in such circumstances is not prohibited, and some level of oversight, even if not de novo, is encouraged. See Henderson v. Carlson, 812 F.2d 874, 878 (3rd Cir. 1987). The court has reviewed

the Report and Recommendation and finds it to be thorough and persuasive. It is, therefore, being adopted.

In view of the foregoing, it is hereby ORDERED that:

1.   The attached Report and Recommendation (Docket No. 34) is ADOPTED and INCORPORATED in this Memorandum.

2.   For the reasons stated in the Report and Recommendation, Defendant's Motion for Judgment on the Pleadings (Docket No. 14) is ALLOWED as to Count I.

3.   This case is DISMISSED.

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CAROLE LOUIS,[1]
    Plaintiff,


v.                         CIVIL ACTION NO. 16-10859-MLW


BANK OF AMERICA, N.A.,
SPECIALIZED LOAN SERVICING, LLC, and
BANK OF NEW YORK MELLON,
    Defendants.


REPORT AND RECOMMENDATION ON
RECONSIDERATION OF COUNT I.


KELLEY, U.S.M.J.

## I. Introduction.

In a Report and Recommendation dated October 21, 2016 (#29), incorporated by

reference here, the court recommended dismissal of all claims against the remaining defendants,

Specialized Loan Servicing, LLC and Bank of New York Mellon, save for Count I, which seeks

to quiet title and rescission of the foreclosure. *See* (#29.) Based on the record at the time the

Report and Recommendation issued, the court found that Count I should not be dismissed

because defendants had not demonstrated that they complied with the relevant Massachusetts

notice requirements. *Id.* at 5-7. In their objection to the court's Report and Recommendation

(#30), defendants submitted additional documentation (##30-1, 30-2, 30-3) in order to illustrate

---

[1] Carole Louis is the sole remaining plaintiff in this action. *See* (#31 at 6 (dismissing plaintiff Marie Louis for lack of standing).)

that they had in fact satisfied the statutory notice requirements. The district court judge to whom

this case is assigned, Judge Wolf, adopted the court's Report and Recommendation in part,

dismissing three of the four counts levied in the complaint, Counts II-IV, and remanded Count I

for further consideration in light of the additional evidence submitted by defendants in their

objection. *See* (#31.) Specifically, the district court remanded the matter for a determination as to

the propriety of defendants' submissions in the context of a Rule 12(c), Fed. R. Civ. P., motion;

to afford plaintiff the opportunity to make any objection to these submissions; and, if the

submissions are deemed within the court's purview, whether dismissal of Count I is warranted.

*Id.* Plaintiff was given three weeks to respond to the district court's Order, *see* (#33), yet failed to

do so.

## II. Discussion.

### A. Consideration of Additional Documents.

In evaluating a Rule 12(c) motion, a court may "consider documents the authenticity of

which are not disputed by the parties" as well as "documents central to the plaintiff's claim" and

"documents sufficiently referred to in the complaint." *Curran v. Cousins*, 509 F.3d 36, 44 (1st

Cir. 2007); *see also Trans-Spec Truck Service, Inc. v. Caterpillar Inc.*, 524 F.3d 315, 321-322

(1st Cir. 2008); *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993).

Here, plaintiff was afforded ample opportunity to contest the authenticity of the

documents submitted by defendants, but did not do so. As such, the court deems any argument

with respect to authenticity waived.[2] Moreover, the documents in issue (described more fully

below) are central to plaintiff's claim, given that Count I is premised entirely on their non-

existence, i.e., that defendants never sent the notice of foreclosure. The court will consider the

---

[2] For this reason alone, the court may consider the documents in its reconsideration of Count I.

documents attached to defendants' objection to the Report and Recommendation in its

reconsideration of Count I.

### B. Count I.

Count I seeks to quiet title and rescission under the theory that defendants failed to

comport with Mass. Gen. Laws ch. 244, § 14. (#1-1 ¶¶ 25-28.)

> A mortgage holder who forecloses by power of sale must comply with the
> notice requirements set forth in MGL ch. 244, § 14. 'Advance notice of the
> foreclosure sale must be provided to the mortgagor by registered mail and other
> interested parties by publication in a newspaper published or generally circulating
> in the town where the mortgaged property lies.' *Culhane* [*v. Aurora Loan Services
> of Nebraska*], 826 F.Supp.2d [352,] 362 [(D. Mass. 2011)]; Mass. Gen. Laws ch.
> 244, § 14.

*In re Bailey*, 468 B.R. 464, 472 (Bankr. D. Mass. 2012) (footnote omitted). The court, in its first

Report and Recommendation, concluded that defendants had not demonstrated that notice was

sent to the property at issue or to the address at which plaintiff resided during the relevant period.

(#29 at 6-7.) In reaching that conclusion, the court found the documents attached to defendants'

answer (#10) inadequate and offered several contrasting examples of documentation sufficient to

evidence compliance with § 14. *See id.* (citing *Lindsey v. First Horizon Home Loans*, No-11-

10408-FDS, 2012 WL 689745, at *3 (D. Mass. Mar. 1, 2012) (defendants submitted a copy of

the postmarked envelope (#12-6 at 4) with the appropriate address); *Branch Ave Capital, LLC v.

U.S. Bank Nat. Ass'n*, No. 12-40140-TSH, 2013 WL 5242121, at *3 (D. Mass. Sept. 16, 2013)

(defendants provided an affidavit of sender along with documents containing certified article

numbers); *In re Goulet*, No. 13-41812-MSH, 2015 WL 269269, at *2 (Bankr. D. Mass. Jan. 21,

2015) (same)).

As the district court said in its March 30, 2017 Order, *see* (#31 at 5), the additional

evidence submitted with defendants' objection to the Report and Recommendation could suffice

to show defendants' compliance with § 14. The documents in question are: certified mail labels (#30-1); certified mail receipts (#30-2); and certified mail returned notices (#30-3). These documents demonstrate that defendants sent the requisite notice to the appropriate address(es),[3] thus complying with the notice requirement of § 14. *See, e.g., In re Bailey*, 468 B.R. at 472-473 ("The law in Massachusetts is clear; the requirement that the notice be mailed to the owner of the relevant property is satisfied by mailing and *nonreceipt is irrelevant.*" (emphasis in original) (internal citation and quotation marks omitted)). Therefore, the once fatal flaw in defendants' argument has been rectified and Count I should be dismissed.

### III. Conclusion.

For all of the reasons stated, I RECOMMEND that Defendants Bank of New York Mellon and Specialized Loan Servicing, LLC's Motion for Judgment on the Pleadings (#14) be ALLOWED as to Count I.

### IV. Review by District Court Judge.

The parties are hereby advised that any party who objects to this recommendation must file specific written objections with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The objections must specifically identify the portion of the recommendation to which objections are made and state the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702

---

[3] Defendants sent notices of foreclosure to both the property and plaintiff's then current address. *See* (##30-1, 30-2, 30-3.)

4

F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s / M. Page Kelley
M. Page Kelley
United States Magistrate Judge

April 25, 2016